IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLORIA GONZALES,

        Plaintiff,

vs.                                                                                             Civ. No. 09-852 JCH/LFG

MORA INDEPENDENT SCHOOL
DISTRICT, et al.,
        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charlotte H. Heatherington's ("Defendant") *Motion to Dismiss Plaintiff's Amended Complaint* [Doc. 20]. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that Defendant's motion is well taken and should be GRANTED.

## BACKGROUND

This case arises from the termination of an employee of the Mora Independent School District ("District"). Plaintiff contends that her constitutional due process rights were violated when Defendant, the independent counsel for the District, served as the hearing officer at her pre-termination hearing.

In October 2007, Plaintiff had an incident in which she was alleged to have abused alcohol.[1] Following this incident, on the recommendation of the District Superintendent, Plaintiff entered alcohol treatment. Her request to receive leave with pay to attend rehabilitation was

---

[1] This fact section is taken entirely from Plaintiff's *First Amended Complaint* [Doc. 2], and all allegations are taken as true for purposes of deciding this motion. Facts not directly relevant to the claims against Defendant Heatherington are included only to provide background and context.

denied, and she took accumulated sick leave and family leave to cover her absence. During the time she was in rehabilitation, the District sent her a letter requiring her to return to work on April 2, 2008. Plaintiff did not return to work by that date because she was still in rehabilitation. On April 8, 2008, the District issued a Notice of Termination of a Certified School Employee. Plaintiff opposed the termination and formally requested a hearing before the Board of Education ("Board"). After vacating the initial hearing, the Board rescheduled a hearing for June 9, 2008. Prior to the rescheduled hearing, the District notified Plaintiff that the initial notice of termination had been in error, and that she should have received a Notice of Intent to Recommend Discharge instead. Plaintiff opposed this notice as well, and a hearing before the Board on this notice, pursuant to NMSA 1978 § 22-10A-27(C), was set for August 11, 2008.

The hearing officer at the August 11, 2008 evidentiary hearing ("pre-termination hearing") was the independent counsel to the Mora Independent Schools Board of Education, Defendant Heatherington. At the pre-termination hearing, Plaintiff and her counsel timely objected to Defendant serving as both the hearing officer and the attorney for the Board, contending that serving in such a dual capacity violated Plaintiff's due process rights. Despite Plaintiff's timely objection, Defendant served as the hearing officer at the pre-termination hearing. Following the hearing, the Board formally terminated Plaintiff's employment effective August 14, 2008.

Plaintiff's Amended Complaint states five counts against all defendants: (1) violation of due process of law pursuant to 42 U.S.C. § 1983 (Count I); (2) age discrimination pursuant to the Age Discrimination in Employment Act and the New Mexico Human Rights Act (Count II); (3) denial of equal protection based on gender, pursuant to 42 U.S.C. § 1983 and the New Mexico Human Rights Act (Count III); (4) discrimination based on disability pursuant to the Americans

with Disabilities Act and the New Mexico Human Rights Act (Count IV); and (5) wrongful termination (Count V). Plaintiff did not specify which of her claims were stated against which defendants, so, for purposes of deciding this motion, the Court will assume that each of Plaintiff's five claims is stated against Defendant Heatherington.

## LEGAL STANDARD

Defendant has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.*,144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). However, the rules do not require a court to accept legal conclusions or unwarranted inferences. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

**DISCUSSION**

A.  Count I

Plaintiff alleges that Defendant's service as both a hearing officer and the Board's attorney violated her due process rights.  A claim for a violation of due process under color of state law in the employment context is cognizable under 42 U.S.C. § 1983.[2]  *See Riggins v. Goodman*, 572 F.3d 1101 (10th Cir. 2009).  In order to "assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process."  *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004).  Defendant does not contest that Plaintiff enjoyed a protected property interest in her employment.  The only question, therefore, is the level of process to which she was entitled to protect that property interest.

The due process clause of the United States Constitution guarantees notice and an opportunity to be heard prior to the deprivation of a fundamental right.  *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985).  The *Loudermill* Court held that a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."  *Id*.  The Court stressed that a pre-termination hearing "need not be elaborate," because it should only "be an initial check against mistaken decisions–essentially, a determination of whether there are reasonable grounds

---

[2] In order to prevail on a § 1983 claim, a plaintiff must show the deprivation of a federally protected right by an individual acting under color of state law.  *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 (1982).  Defendant contends that, in her capacity as independent counsel to the Board, she was not acting under color of state law.  However, because the Court concludes the she did not deprive Plaintiff of a federally protected right, it need not reach the question of whether Defendant was a state actor.

to believe that the charges against the employee are true and support the proposed action." *Id*. at 545-46.  Plaintiff's Amended Complaint does not allege any biased behavior on Defendant's part. Therefore, the Court must take Plaintiff's Complaint to allege that Defendant's serving in a dual role at Plaintiff's pre-termination hearing was, *per se*, a violation of her due process rights.  This contention fails.  Plaintiff's pre-termination hearing satisfied *Loudermill*'s requirements because, even accepting all of Plaintiff's well-pleaded facts as true, she was given "an explanation of the employer's evidence and an opportunity to present [her] side of the story."  *Id*. at 546.  *See also Holley v. Seminole County Sch. Dist.*, 755 F.2d 1492, 1497 (11th Cir. 1985) (finding no due process violation, in the absence of any allegation of bias, where board's attorney served as hearing examiner and made evidentiary rulings as part of pre-termination hearing).

Plaintiff's pre-termination hearing also complied with due process requirements under the New Mexico Constitution.  In *West v. San Jon Bd. of Educ.*, 134 N.M. 498, 501 (Ct. App. 2003), the New Mexico Court of Appeals, citing *Loudermill*, rejected the plaintiff's claim that she was entitled to an independent, unbiased decisionmaker at her pre-termination hearing.  The court held that "Plaintiff's contention that due process requires that the right to an impartial tribunal attaches at the pre-termination stage of discharge proceedings is incorrect."  *Id*. (citing *Bd. of Educ. of Carlsbad Mun. Sch. v. Harrell*, 118 N.M. 470, 479 (1994)).

Both *Loudermill* and *West* relied on the availability of post-termination proceedings for their findings that pre-termination hearings need only provide an employee with notice of charges and an opportunity to address them.  *See Loudermill*, 470 U.S. at 546 ("Our holding rests in part on the provisions in Ohio law for a full post-termination hearing"); *West*, 118 N.M. at 501.  As stated by the *West* court, because the statutory framework of the School Personnel Act, NMSA 1978 §§ 22-10A-27 and 22-10A-28, "provides for the opportunity to appeal the Board's decision

to an independent arbitrator in a post-termination hearing, followed by meaningful district court review, due process does not require a neutral tribunal at the pre-termination stage.... Considered together, the [School Personnel Act's] pre- and post-termination procedures comport with due process requirements."[3] *Id*.  The Court's role is not to determine whether Plaintiff received the best possible process, rather it is to determine whether the process received was so fundamentally flawed that it violated her constitutional rights.  Under both the federal and state standards applicable to due process in an administrative pre-termination hearing, Plaintiff's hearing comported with due process and she has failed to state a claim against Defendant Heatherington.

Finally, in arguing that Defendant's dual role at the pre-termination hearing violated her due process rights, Plaintiff attaches an advisory letter from the Office of New Mexico's Attorney General.  *See* Ex. A to Doc. 27.  This letter addresses a question from a constituent regarding whether an attorney who represents a school district may also serve as a hearing officer at a termination hearing.  In this letter, the Attorney General concludes that, under certain circumstances, such dual representation may violate constitutional due process principles.  *See id*. at 1.  As an initial matter, the fact pattern contemplated in the Attorney General's letter is not present in this case as pled in the Amended Complaint, because the Attorney General's letter addresses a situation in which an attorney for the school board serves as a hearing officer at the pre-termination hearing and then appears on behalf of a school board before an independent arbitrator to advocate that the termination be upheld.  *See id*. at 2.  Second, even if the fact pattern were the same, an Attorney General's advisory letter is not binding on this Court.  The Court

---

[3] Plaintiff's Amended Complaint does not indicate that she took advantage of the opportunity for a full evidentiary hearing post-termination, before an impartial arbitrator, at which she could challenge the accuracy of the charges against her and any alleged bias.

declines to adopt the reasoning set forth in the letter, especially where the letter appears to ignore settled federal and state precedent regarding what process is due in a pre-termination hearing.

Not only does the letter not distinguish *Loudermill* or *West*, but it also mischaracterizes the New Mexico Court of Appeals' holding in *Bd. of Educ. of Melrose Mun. Schools v. N.M. State Bd. of Educ.*, 106 N.M. 129, 131 (Ct. App. 1987). The advisory letter cites *Melrose* for the proposition that "the school board's attorney acting as hearing officer in an adjudicatory proceeding (albeit an informal one) after advising the superintendent on the underlying disciplinary matter undermines the 'fundamental principles of justice and procedural due process.'" Advisory letter at 3. However, *Melrose* did not address a fact pattern remotely close to that attributed to it by the advisory letter submitted by Plaintiff. Instead, *Melrose* reversed a State Board of Education's reinstatement of an employee who had been terminated by a local school board following a hearing before the local school board. Rather than holding that the local school board's hearing was flawed, *Melrose* reinstated the decision of the local school board and held that the State Board impermissibly disregarded the conclusions of the hearing officer without reviewing the entire record. *See Melrose*, 106 N.M. at 131. Quite simply, *Melrose* did not address the question at issue in this case, and it cannot support the proposition for which it was cited by the Attorney General or Plaintiff.

    B.  Counts II and IV

Plaintiff's Count II asserts a claim for age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") and the New Mexico Human Rights Act ("NMHRA"), and her Count IV asserts a claim for discrimination based on disability pursuant to the Americans with Disabilities Act ("ADA") and the New Mexico Human Rights Act. These claims must both be dismissed because neither the ADEA nor the ADA (nor their counterparts

under the NMHRA) allow suits against individuals in their personal capacities. *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). Additionally, Plaintiff's specific allegations against Defendant Heatherington relate only to her dual service as a hearing officer and attorney for the Board at the pre-termination hearing, and do not allege any discriminatory behavior on her part based on age or disability. Thus, Plaintiff cannot state a claim against Defendant Heatherington under Counts II or IV.

    C. Count III

Plaintiff's Count III asserts a claim for denial of equal protection based on gender. The factual allegations related to gender discrimination predate Defendant Heatherington's actions at the pre-termination hearing, and no specific allegations of discriminatory behavior based on gender are leveled against Defendant Heatherington in the Amended Complaint. Thus, Plaintiff has not stated a claim against Defendant under Count III.

    D. Count V

Plaintiff's Count V asserts a claim for wrongful termination. Her wrongful termination claim does not assert any facts against Defendant Heatherington other than those contained in Count I, and it fails for the same reason that Count I fails. In addition, Plaintiff's Amended Complaint does not demonstrate that she exhausted her administrative remedies. In New Mexico, "a party must exhaust all administrative remedies before applying to a court for relief unless the legal or statutory remedies are inadequate." *McDowell v. Napolitano*, 119 N.M. 696, 700 (1995). Under NMSA 1978 § 22-10A-28, Plaintiff was entitled to appeal the Board's termination decision to an independent arbitrator for a *de novo* review. New Mexico courts have held that the statutory scheme of a post-termination process adequately protects claimants. *See Bd. of Educ. of*

*Carlsbad Mun. Sch. v. Harrell*, 118 N.M. 470, 479 (1994) ("This statutory scheme provides adequate guarantees that an independent, unbiased decisionmaker will be selected and thus comports with the requirements of due process"); *West v. San Jon Bd. of Educ.*, 134 N.M. 498, 501 (Ct. App. 2003).  Because meaningful post-termination procedures were available to Plaintiff, but she has not demonstrated that she exhausted those remedies as required, her claim for wrongful termination must be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Charlotte H. Heatherington's *Motion to Dismiss Plaintiff's Amended Complaint* [Doc. 20] is GRANTED.

_____
**UNITED STATES DISTRICT JUDGE**